clerk's copy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 18 1999

CLERK

JEFF NELSON,

    Plaintiff,

v.    No. CIV-98-1325 SC/LCS

SAN MIGUEL COUNTY
DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff will be required to amend his complaint. Plaintiff is reminded that he is required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account as indicated by monthly financial statements.

Plaintiff alleges he was denied access to a law library, to an attorney, and to church services while he was a pretrial detainee. The complaint names only the detention center as Defendant. A detention center is not a proper defendant in a § 1983 action. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (§ 1983 claims dismissed because City of Denver Police Department not a separate suable entity), *vacated on other grounds*, 475 U.S. 1138 (1986); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("... local government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities.") (citing *Brandon v. Holt*, 469 U.S. 464, 472 and n.21 (1985)), *aff'd*, 986 F.2d 1429 (Table) (10th Cir. 1993).



For purposes of this opinion, therefore, Plaintiff's claims against the detention center are construed as directed at the county itself.

Even if the claims are directed against the county itself, no allegations are made affirmatively linking the county to the various violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). A local governmental agency or municipality cannot be held liable for the acts of its employees solely under a theory of respondeat superior. *Sauers v. Salt Lake County*, 1 F.3d 1122, 1129 (10th Cir. 1993); *Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992), *cert. denied*, 508 U.S. 952 (1993); *Butcher v. City of McAlester*, 956 F.2d 973, 977-78 (10th Cir. 1992); *Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992), *cert. denied*, 508 U.S. 952 (1993). Plaintiff's claims will therefore be dismissed, and he will be allowed to amend the complaint.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant San Miguel County Detention Center are DISMISSED, and Defendant is DISMISSED as a party to this action; within twenty (20) days from entry of this order, Plaintiff may file an amended complaint asserting his claims against specific Defendants, affirmatively linking them to specific events;

IT IS FURTHER ORDERED that the Clerk is directed to provide Plaintiff two copies of a form § 1983 complaint with instructions and two post-filing financial certificates; failure to timely file an amended complaint or to submit monthly financial statements will result in dismissal of the complaint without further notice.

UNITED STATES DISTRICT JUDGE